**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                                 **CRIMINAL ACTION**

**VERSUS**                                                                              **No. 05-020**

**LEMUEL DORTHEY**                                                        **SECTION I/5**

<u>**ORDER AND REASONS**</u>

Before the Court is a motion to vacate, set aside, or correct sentence,[1] filed on behalf of

defendant, Lemuel Dorthey.  For the following reasons, Dorthey's motion is **DISMISSED**

**WITH PREJUDICE**.

*BACKGROUND*

On July 27, 2005, Dorthey pled guilty to conspiracy to possess with intent to distribute

one kilogram or more of heroin.[2]  On February 14, 2006, this court entered a judgment

sentencing Dorthey to 292 months custody in federal prison.[3]  Dorthey did not file a  notice of

direct appeal at any time following entry of the judgment.

On June 6, 2008, Dorthey filed the motion to vacate his sentence pursuant to 28 U.S.C. §

---

[1] R. Doc. No. 637.

[2] R. Doc. No. 354.

[3] R. Doc. No. 498.

2255.[4]  He alleges five grounds of ineffective assistance of counsel in support of his motion: 1) counsel did not file a notice of appeal on Dorthey's behalf, despite Dorthey's request that he do so; 2) counsel failed to object to and/or appeal the consideration of his prior criminal record at sentencing; 3) counsel inadequately explained the consequences of pleading guilty; 4) counsel forced Dorthey to plead guilty to the offense; and 5) counsel failed to seek a psychological evaluation of Dorthey's competence to stand trial.[5]

Although the motion was filed more than one year after the judgment became final, Dorthey argues in his motion that the one-year statute of limitations should not bar relief because he "had been calling and talking to counsel to ask and request him to file a appeal for me but counsel kept refusing to do so because counsel kept telling [him that he] don't have any appeal rights at all."[6]  Dorthey attached a letter from Robin E. Schulberg of the Federal Public Defender's office, dated April 17, 2008, advising him that no appeal had been filed in his case, and that in his plea agreement he had waived his right to appeal.[7]

The government filed a response memorandum on July 18, 2008, arguing that Dorthey's motion should be dismissed because it was not timely filed.[8]  Citing the one-year statute of limitations set forth in 28 U.S.C. § 2255(f), the government argues that because the motion was

---

[4] R. Doc. No. 637.

[5] R. Doc. No. 637, at 5-9.

[6] R. Doc. No. 637, at 13.

[7] R. Doc. No. 637, at 15.

[8] R. Doc. No. 641.  The government provided no response to Dorthey's preferred justification for the late filing.

2

filed over twenty-seven months after the judgment became final, Dorthey is entitled to no relief.[9]


### *LAW AND ANALYSIS*

**I.      Section 2255 Statute of Limitations**

Before reaching the merits of Dorthey's claims of ineffective assistance of counsel, this

Court must determine whether Dorthey has complied with the one-year statute of limitations.[10]

"[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words,

when he fails to pursue the direct appeal process), the conviction becomes final for purposes of §

2255 upon the expiration of the 10-day period for filing a direct appeal." *United States v.*

*Plascencia*, ___ F.3d ___, No. 05-11169, 2008 WL 2815535 (5th Cir. 2008).  There is no

evidence that Dorthey pursued the direct appeal process — indeed, this failure, allegedly

attributable to his counsel, is the basis for Dorthey's collateral appeal.  Therefore, to meet the

timeliness requirement of § 2255, Dorthey's motion must have been filed within one year of

---

[9] R. Doc. No. 641, at 3.

[10] Section 2255(f) provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of--
>> (1) the date on which the judgment of conviction becomes final;
>> (2) the date on which the impediment to making a motion created by
>> governmental action in violation of the Constitution or laws of the
>> United States is removed, if the movant was prevented from making a
>> motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the
>> Supreme Court, if that right has been newly recognized by the Supreme
>> Court and made retroactively applicable to cases on collateral review;
>> or
>> (4) the date on which the facts supporting the claim or claims presented
>> could have been discovered through the exercise of due diligence.

Dorthey has not alleged that subsections (2)-(4) apply to his case.

March 1, 2006 (that is, upon the expiration of the ten-day period after entry of judgment, excluding Saturdays, Sundays, and holidays, *see* FED. R. APP. PROC. 4(b)(1)(A)).  He failed to meet this requirement when he did not file his motion until June 2, 2008.

## II.    Equitable Tolling

Dorthey seeks to justify his untimely motion on two grounds: first, by claiming that he is "a slow learner, unskilled in the law," and second, by claiming that his trial counsel repeatedly informed him that he had waived his appellate rights.[11]  Courts "construe *pro se* pleadings liberally." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  With this liberal construction in mind, the Court understands Dorthey to argue for equitable tolling of the § 2255 statute of limitations.

"'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361 (5th Cir. 2008) (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)).  Section 2255's one-year limitations period "is not jurisdictional and, therefore, is subject to equitable tolling." *Id.*  Equitable tolling is permitted only in rare and exceptional circumstances, and the burden falls to the habeas petitioner to establish that tolling is appropriate.  *Id.*  The petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion."  *Id.* (quoting *Lawrence v. Florida*, ___ U.S. ___, ___, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007)).

Dorthey submits that he lacks knowledge of the law.  An "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Felder v. Johnson*,

---

[11] R. Doc. No. 637, at 13.

204 F.3d 168, 171-72 (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (internal quotation marks omitted).  Dorthey's argument fails on this ground.

Dorthey next argues that, in communications from February of 2006 until April of 2008, his counsel repeatedly advised him that he lacked any right to appeal his conviction or sentence, including collateral challenge.[12]  Though Dorthey's confusion is perhaps understandable, Fifth Circuit precedent does not recognize his allegations as legally sufficient to permit equitable tolling of the statute of limitations.  First, "a prisoner has no right to counsel during post-conviction proceedings."  *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).  Second, even if Dorthey were found to have reasonably relied on his trial counsel's statements, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."  *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *see also Riggs*, 314 F.3d at 799 (holding that an "attorney's intentional deceit could warrant equitable tolling" where petitioner can show he reasonably relied on deceptive statements).

The Court acknowledges that, under *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007), counsel's failure to file a notice of appeal when the defendant has requested it constitutes *per se* ineffective assistance "even where a defendant has waived his right to direct appeal and collateral review."  *Id.* at 266.  The issue, however, is not whether Dorthey received ineffective assistance of counsel when he was in detention.  Indeed, he had no right to counsel on collateral appeal proceedings.  *Riggs*, 314 F.3d at 799.  Instead, the question is whether Dorthey's reliance on the alleged representations of counsel that Dorthey lacked any right to appeal constitute the "extraordinary circumstance" that permits equitable tolling.  *Lawrence*, 127 S. Ct. at 1085.

---

[12] R. Doc. No. 637, at 13.

Even were Dorthey to have reasonably relied upon it (as well as alleged similar prior communications), Robin E. Schulberg's statement in her April 17, 2008 letter to Dorthey does not rise to the level of "intentional deceit" to warrant equitable tolling. The substance of the statement is not even sufficient to constitute "mere attorney error or neglect" because it does not confirm that Schulberg refused to file an appeal upon a request from Dorthey to do so. Though the Court cannot state definitively that Dorthey has not diligently pursued his rights while incarcerated, Fifth Circuit precedent makes clear that the circumstances of this case will not permit equitable tolling of the statute of limitations. Therefore, Dorthey's motion for post-conviction relief must be dismissed as untimely.

Accordingly,

**IT IS ORDERED** that the motion to vacate, set aside, or correct sentence, filed on behalf of defendant, Lemuel Dorthey, is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 25, 2008.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**