UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 05-20 |
| LEMUEL DORTHEY | SECTION "I" |

### ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Lemuel Dorthey ("Dorthey"), to withdraw his guilty plea in the above-captioned matter. For the following reasons, the motion is **DENIED**.

On July 27, 2005, Dorthey pled guilty to conspiracy to possess with intent to distribute one kilogram or more of cocaine.[2] On February 14, 2006, this Court entered a judgment sentencing Dorthey to 292 months custody in federal prison.[3]

Fed. R. Crim. P. 11(e) ("Rule 11(e)") provides that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." As Dorthey was sentenced more than five years ago, the Court lacks jurisdiction to hear this motion. *United States v. Vasquez*, 121 Fed. App'x 17, 18 (5th Cir. 2004) (A "post-sentencing motion to withdraw [a] guilty plea [is] unauthorized and without jurisdictional basis.") (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982) and Rule 11(e) ("[A]fter sentencing, a guilty plea may be set aside only on direct appeal or by a 28 U.S.C. § 2255 motion.")); *see also United States v. Miller*, 2011 WL 2584185, at *2 (11th

---

[1] R. Doc. No. 824.
[2] R. Doc. Nos. 352 and 354.
[3] R. Doc. No. 498.

Cir. 2011) (Defendant's motion "to withdraw his plea came after his sentence was imposed. The district court correctly found that it could not grant . . . [defendant's] motion to withdraw his guilty plea.") (citing Rule 11(e)).

To the extent that this motion could be construed as a motion to vacate, set aside, or correct Dorthey's sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"), the Court declines to do so. *United States v. Juarez-Lozano*, 387 Fed. App'x 853, 855 (10th Cir. 2010) ("We affirm the district court because it was correct in its ruling[] [to deny defendant's post-sentencing motion to withdraw his guilty plea]. First, Rule 11(e) bars the withdrawal of a plea after sentencing. Perhaps in some circumstances a court could recharacterize a Rule 11 motion as one under 28 U.S.C. § 2255. But that would be pointless here because such a motion would be barred as both untimely, *see* 28 U.S.C. § 2255(f), and second-or-successive, *see id.* § 2255(h).").

This Court dismissed with prejudice Dorthey's previous § 2255 motion on July 25, 2008.[4] Consequently, if the Court were to construe this motion as seeking relief pursuant to § 2255, this motion would be, in essence, a second petition. 28 U.S.C. § 2255(h). This Court is without jurisdiction to hear a second or successive petition unless the petitioner first receives certification from the U.S. Fifth Circuit Court of Appeals. 28 U.S.C. §§ 2244 and 2255; *United States v. Mason*, 116 Fed. App'x 469, 470 (5th Cir. 2004) ("[Defendant] obtained no such certification; therefore the district court would have been required to dismiss [defendant's] motion for lack of jurisdiction."); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) ("[A] successive § 2255 motion requires certification by the court of appeals prior to filing."). Dorthey has not received such certification from the Fifth Circuit. Finally, Dorthey's motion also would be barred as untimely. 28 U.S.C. § 2255(f).

---

[4] R. Doc. No. 642.

Accordingly,

**IT IS ORDERED** that Dorthey's motion to withdraw his guilty plea is **DENIED**.

New Orleans, Louisiana, October  11th, 2011.

                                                                     _____
                                                                     **LANCE M. AFRICK
                                                                     UNITED STATES DISTRICT JUDGE**